**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Arvette E Benson<br>　　　　　Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass-Through Certificates, Series 2007-AMC1, U.S. Bank National Association, as Trustee<br>　　　　　Movant<br>vs.<br>Arvette E Benson<br>　　　　　Debtor<br>William C. Miller, Esquire<br>　　　　　Trustee | NO. 20-11839 mdc<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,633.60** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2020 to October 2020 in the amount of $908.35/month |
| Suspense Balance: | $908.15 |
| **Total Post-Petition Arrears** | **$3,633.60** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). On or before October 31, 2020, the Debtor shall cure the post-petition arrears in the amount of **$3,633.60**;

3. Beginning with the payment due November 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $908.35 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 8, 2020                By: /s/ Rebecca A. Solarz, Esquire
                                       Attorney for Movant


Date:   10/16/2020                     /s/ Keith D. Sklar, Esq.
                                       Keith D. Sklar, Esquire
                                       Attorney for Debtor


Date:   October 21, 2020               /s/ LeeAne O. Huggins     No Objection
                                       William C. Miller, Esquire
                                       Chapter 13 Trustee


Approved by the Court this ___ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

                                       _____
                                       Bankruptcy Judge
                                       Magdeline D. Coleman